IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. V-12-028 |
| | § | |
| SAM MATHEW | § | |

## OPINION DENYING THE GOVERNMENT'S MOTION IN LIMINE

On May 17, 2012, Defendant Sam Mathew was indicted on one count of knowingly possession a bald eagle without being permitted to do so by regulation as required by law in violation of the Migratory Bird Treaty Act, 16 U.S.C. §§ 703, 707(a). (D.E. 1). Pending are the Government's motions in limine. (D.E. 36). The Government seeks a ruling on two different matters in advance of trial. For the reasons that follow, this motion is DENIED.

## I. LEGAL STANDARDS FOR MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of

a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F. Supp. at 1401.

## II. RULINGS ON THE GOVERNMENT'S MOTION IN LIMINE

The Government requests the Court to prohibit Defendant from introducing the following matters into evidence without first approaching the bench and obtaining a ruling on their admissibility:

**1. Any attempt to prove good character of a defendant or other witness by testimony or evidence of isolated or specific acts of good character or good conduct as opposed to reputation or opinion testimony. Fed. R. Evid. 404(a).**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. However, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under certain circumstances to attack or support character for truthfulness of a witness. Fed. R. Evid. 608(b). Moreover, while Rule 404(a) prohibits admitting evidence of a person's character or a trait of character, "to prove that on a particular occasion the person acted in accordance with the character or trait," it permits a criminal defendant to introduce evidence of a "pertinent trait." Fed. R. Evid. 404(a)(1). Similarly, Rule 404(b), which prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," nevertheless permits the use of evidence of other acts for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or

lack of mistake. Fed. R. Evid. 404(b); see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983) (addressing admission to show plan or motive). These rules cannot be applied except in the context of specific evidence.

The Government's request is overly broad and devoid of any specific context. Accordingly, the Government's motion in limine is DENIED without prejudice subject to raising objections at trial.

**2.    Defendant's self-serving statements made at the time of his arrest on March 1, 2012, to United States Fish and Wildlife Service agents and Texas Parks and Wildlife wardens. Defendant made exculpatory, self-serving statements specifically to law enforcement officers subsequent to his arrest. Defendant also made several exculpatory, self-serving statements to civilian witnesses, specifically to Rodney Janczak.**

The Government contends that it anticipates defense counsel may attempt to introduce his client's own statements through law enforcement and civilian witnesses during cross-examination, and that these statements would be hearsay pursuant to Rule 802 of the Federal Rules of Evidence. Though the statements would be admissible if introduced by the Government as an admission against a party-opponent, Fed. R. Evid. 801(d)(2), or if Defendant testified about them himself, Fed. R. Evid. 801(d)(1), they are otherwise inadmissible. Furthermore, if Defendant is deemed "unavailable" because he invokes his Fifth Amendment right not to testify, the statements are not admissible as statements against interest because they are exculpatory statements, despite that they may be made within a broader narrative that is generally self-inculpatory. Fed. R. Evid. 804(b)(3); see also Williamson v. United States, 512 U.S. 594, 600 (1994).

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly

3

prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. As a general matter, hearsay statements are not admissible; however, there are several exceptions to that rule which require the Court to look at each individual statement on a case-by-case basis. See Fed. R. Evid. 801-07. Rule 804(b)(3) excepts from the hearsay rule statements against interest made by a declarant who is unavailable to testify at trial, including statements that tend to expose the declarant to criminal liability. Fed. R. Evid. 804(b)(3). Statements that are not inculpatory are not admissible pursuant to this rule even if they are part of a generally inculpatory statement or narrative. United States v. Ricardo, 472 F.3d 277, 287 (5th Cir. 2006) (citing Williamson, 512 U.S. at 600-01). However, these rules cannot be applied except in the context of specific evidence.

The Government's request is overly broad and devoid of any specific context. Accordingly, the Government's motion in limine is DENIED without prejudice as to raising objections at trial.

### III. CONCLUSION

For the foregoing reasons, the Government's motion in limine, (D.E.36), is DENIED without prejudice.

ORDERED this 10th day of December 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

4